Woodson v. Loram Maintenance of Way Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand thirteen.

PRESENT:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
>> *Circuit Judges.*
> JANE A. RESTANI,[*]
>> *Judge, U.S. Court of International Trade.*

---

Joseph Woodson,

> *Plaintiff-Appellant*,
>
> v.                                                        11-5438

Loram Maintenance of Way Incorporated,

> *Defendant-Appellee.*

---

[*]Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

FOR APPELLANT:         Joseph Woodson, *pro se*, Elmira, NY.

FOR APPELLEE:         Christopher Karagheuzoff; Dorsey & Whitney LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Joseph Woodson, proceeding *pro se*, appeals from the district court's judgment granting a motion to compel arbitration and dismissing his complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

For the first time on appeal, Woodson raises various challenges to the validity of his employment agreement and to arbitration clause within that agreement. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle–Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (alteration in original) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)). "Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir.

2

2008) (per curiam) (internal quotation marks, brackets, and ellipsis omitted).  Woodson's

arguments were available to him in the district court, and he has not provided justifiable

reasons for failing to raise them there.  We thus deem Woodson's arguments waived and

decline to consider them.  *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk